Douglas R. Ricks, OSB #044026
VANDEN BOS & CHAPMAN, LLP
319 SW Washington St., Ste. 520
Portland, OR 97204
Telephone: 503-241-4869
Fax: 503-241-3731

Of Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re | Case No. 21-32073-dwh11 |
|---|---|
| Love Bites By Carnie, Inc., | DECLARATION OF TIFFANY MILLER IN SUPPORT OF FIRST DAY PLEADINGS |
| Debtor-in-Possession. | |

I, Tiffany Miller, declare as follows under penalty of perjury:

1.  This omnibus statement of facts and declaration (this "Declaration") is submitted in support of the Chapter 11 petition and first-day pleadings of Debtor-in-Possession ("Debtor") in the above-captioned Chapter 11 case, filed before this Court on October 8, 2021 (the "Petition Date").

2.  I am the Chief Executive Officer and Secretary of Love Bites By Carnie, Inc. and own 42.81% of the shares of stock. I perform the duties of the owner, co-founder, and chief executive officer of the Debtor and coordinate with Carnie Wilson, on all operational matters, including accounting, legal issues, marketing, promotions, product design and development, insurance matters, employment issues, and lenders. I am intimately familiar with Debtor's business and financial affairs. I submit this Declaration based on personal knowledge.

Page 1 of 8   DECLARATION OF TIFFANY MILLER IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 21-32073-dwh11    Doc 15    Filed 10/08/21

3. The statements set forth below are true and correct to the best of my personal knowledge, and if called to testify to those statements, I would do so competently.

## BACKGROUND REGARDING DEBTOR's BUSINESS

4. Debtor is a corporation headquartered in Sherwood, Washington County, Oregon. Founded in 2007 and incorporated in 2016, Debtor creates, manufactures, and distributes confections such as cupcakes, cheesecakes, cookies, etc. and operates a café adjacent to its corporate headquarters and production facility.

5. The business is a woman-owned start-up company and has grown substantially since its incorporation when it began to attract attention for placement with a major grocery retailer.

6. Debtor's physical facilities include the main operations in Sherwood, which serves as the corporate headquarters, production and distribution center, and on-site café.

## EVENTS NECESSITATING BANKRUPTCY FILING

7. In March 2019, Debtor received a purchase order for over $1 million from a major grocery retailer. The order promised higher exposure for Debtor's product nationwide and represented the opportunity for a continuing business relationship with the retailer.

8. In order to meet this purchase order, Debtor needed to scale up its production capacity, which required additional equipment and staffing. In addition, as a supplier for retail sale, Debtor needed to submit its products for testing and compliance with additional requirements under state and federal food regulations. Through a combination of credit facilities and outside investment, Debtor acquired additional equipment and brought on additional employees, including temporary employees, to meet the production requirements of the new order, plus its existing business.

Page 2 of 8    DECLARATION OF TIFFANY MILLER IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 21-32073-dwh11    Doc 15    Filed 10/08/21

9. Debtor also had to make additional purchases of raw materials for its products, including dairy products.

10. One supplier of dairy products delivered two shipments (one in July 2019 and one in September 2019) of heavy cream that were tested and determined to be contaminated. This contamination delayed Debtor's production on the order, forced the Debtor to incur additional costs for materials and labor, and, ultimately, turned a profitable order into a substantial deficit.

11. Debtor eventually reached a settlement with the dairy supplier in December 2019, after initiating a lawsuit, but the resulting recovery (after costs and attorney's fees) was far from enough for the Debtor to recover from the loss suffered and left it unable to pay its creditors.

12. Compounding that loss, the onset of the COVID-19 pandemic forced the Debtor to suspend operations on multiple occasions and obtain additional financing to fund business activity.

13. Notwithstanding the above, Debtor's brand remains strong and has been able to maintain its products in the marketplace. Debtor has several orders from a number of local schools for the upcoming year that will dramatically revitalize the company's cash flow.

14. Debtor is committed to undertaking efforts in Debtor's Chapter 11 case to effectively reorganize, including by refinancing debt, taking additional equity investment, or a sale of the business as a going concern.

15. By seeking a breathing spell in bankruptcy, Debtor will be able to shift focus to initiating a marketing process through one or more transactions (including a possible refinancing) that will likely yield net proceeds sufficient to provide a significant dividend to creditors and maximize enterprise value for all stakeholders.

Page 3 of 8    DECLARATION OF TIFFANY MILLER IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 21-32073-dwh11    Doc 15    Filed 10/08/21

# FIRST DAY PLEADINGS[1]

16. This Declaration is also submitted in support of the factual allegations contained in the following motions, filed contemporaneously with this Declaration: (1) Motion for Authority to Pay Prepetition Payroll, Payroll Taxes, Employee Health Insurance Premiums and Workers' Compensation Premiums ("Wages and Benefits Motion"); (2) Debtor's Motion for Interim and Final Orders Authorizing Use of Cash Collateral ("Cash Collateral Motion"); and (3) Motion for Order Authorizing Continued Use of Certain Existing Bank Accounts ("Deposit Account Motion").

**A. Payroll Motion.**

17. As of the Petition Date, Debtor employed, collectively, 8 individuals. Debtor employs 4 hourly employees, 4 salaried employees, plus the 2 co-founders/owners.

18. The employees perform a variety of critical functions including operating the Debtor's business and performing many administrative, maintenance, accounting, management, manufacturing, sale of products, and other tasks. The employees' skills and their knowledge and understanding of Debtor's operations and customer relations are essential to the effective reorganization of Debtor's business. Without the employees' continued services, an effective restructuring of Debtor's will not be possible.

19. If employees do not receive their prepetition benefits and compensation in the ordinary course, they may suffer personal hardship and unnecessary distraction from their duties. That could seriously undermine employee morale and cause some employees to resign their positions, causing immediate and pervasive damage to Debtor's ongoing business operations. Given the size of Debtor's workforce, any significant deterioration in

---

[1] All capitalized terms used in this section bear the same meaning as used in the respective first day pleadings to the extent not otherwise defined herein.

Page 4 of 8    DECLARATION OF TIFFANY MILLER IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 21-32073-dwh11    Doc 15    Filed 10/08/21

morale at this time will substantially and adversely affect Debtor and Debtor's ability to reorganize, resulting in immediate and irreparable harm to Debtor's estate.

20. Because Debtor has paid to its current employees on its employee-related obligations through the most recent pay period--indeed, current employees were paid wages for all work performed through September 30, 2021-- all accrued prepetition obligations owing to individual employees will be substantially less than the statutory cap of $109,200.00 ($13,650.00 x 8) for priority treatment set by Bankruptcy Code §§ 507(a)(4) and (a)(5).

21. Debtor's Employee Obligations include wages, salaries, certain payroll deductions and withholdings, and Reimbursable Expenses. Before the Petition Date, Debtor customarily either paid or withheld all of these Employee Obligations in the ordinary course of business. The following describes the Employee Obligations and the estimated liabilities associated with each.

22. All hourly employees are paid bi-monthly, approximately five days in arrears. Debtor has paid all payroll obligations to current employees through September 30, 2021, the last completed pay period before the Petition Date which included payroll obligations incurred from September 16, 2021 through and including September 30, 2021. Debtor's next payroll is October 20, 2021 which represents the payroll obligations from October 1, 2021, through and including October 15, 2021 (the "Current Pay Period"). For the Current Pay Period, Debtor's prepetition payroll is approximately $5,603.13 for gross wages for hourly employees. Payments to employees are processed internally by Debtor's human resources manager and its Director of Finance.

23. Debtor is required by law to withhold from an employee's paycheck amounts related to federal and state income taxes and social security and Medicare taxes

Page 5 of 8     DECLARATION OF TIFFANY MILLER IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 21-32073-dwh11    Doc 15    Filed 10/08/21

(collectively, the "Withholding Taxes") for remittance to the appropriate taxing authorities. The Debtor must also match from Debtor's own funds social security and Medicare taxes withheld and pay (based on a percentage of gross payroll) additional amounts for state and federal unemployment insurance (the "Employer Payroll Taxes" and, together with the Withholding Taxes, the "Payroll Taxes").  For the current pay period Debtor intends to withhold a total of approximately $597.10 from all employees' paychecks for Payroll Taxes during each payroll, which are funded through a direct withdrawal from Debtor's operating account on the day payroll is made.  In addition, Debtor will pay approximately $302.04 in Employer Payroll Taxes for the prepetition.  Therefore, to the extent that any payroll has not been processed for the prepetition period Debtor has not funded the Payroll Taxes. Accordingly, Debtor seeks authority to continue to process and remit all prepetition Payroll Tax obligations in the ordinary course of business.

24. Debtor provides employees with various insurance options and programs (collectively, the "Employee Benefits").  For the Current Pay Period, Debtor intends to withhold from gross pay for employees and pay approximately $183.01 for such Employee Benefits.  In addition, Debtor will pay approximately $93.38 in employer-paid Employee Benefits.  Debtor seeks authority to continue each of these Employee Benefits, to satisfy Debtor's associated obligations, and to remit all withholdings associated with these Employee Benefits.

25. In the ordinary course of business, Debtor reimburses its employees for expenses and charges incurred in performing their duties or otherwise in connection with Debtor's business operations.  Similarly, many business expenses are paid with personal credit cards and Debtor's routinely reimburses the holders of the credit cards in the ordinary course of business.  Debtor asserts that the monthly cost associated with this

Page 6 of 8   DECLARATION OF TIFFANY MILLER IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 21-32073-dwh11    Doc 15    Filed 10/08/21

reimbursement policy is minimal and that no such reimbursements were outstanding on the Petition Date.

26. With respect to the deductions and Withholding Taxes described above, I believe that failure to remit such deductions and Withholding Taxes to the proper third parties may cause serious disruption to Debtor's business operations.

27. Moreover, these employees rely on their full compensation to meet their daily living expenses and will be exposed to significant financial difficulties if Debtor is not permitted to pay the Employee Obligations, Reimbursable Expenses and Employee Benefits. In fact, if Debtor is unable to honor these obligations, employee morale and loyalty may be jeopardized at a time when their support is critical. Debtor's employees' continued service and dedication is critical to Debtor's reorganization.

**B.    Cash Collateral Motion.**

28. As set out in the Cash Collateral Motion, certain lenders have, or may claim an interest in the Debtor's accounts receivable and other cash assets. One or more of these lenders may claim a default under their agreement(s) with the Debtor.

29. The Debtor urgently and immediately needs to use the cash it generates from its postpetition business operations in order to continue as a going concern. Cash is needed to, among other things, to pay postpetition operating expenses including payroll, as well as other expenses of operating an ongoing business.

30. Debtor will only use cash collateral in accordance with the Budget attached to the proposed orders on the Cash Collateral Motion and any orders from the Court, including tolerances approved by the Court. The Debtor developed the Budget based on the historical books and records of the company, reflecting a cash flow forecast taking into account anticipated cash receipts and disbursements. The Budget includes the cost of labor, payroll

Page 7 of 8    DECLARATION OF TIFFANY MILLER IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 21-32073-dwh11    Doc 15    Filed 10/08/21

taxes, insurance, utilities, and ordinary course expenses projected for the postpetition period. These expenditures are essential to the current operation of the Debtor's business. They are also ordinary, customary, and consistent with the Debtor's prepetition operations in all material respects, except that they include known costs of operating in Chapter 11 such as professional fees and fees of the United States Trustee.

31. Use of the cash collateral will not only protect and preserve the Debtor's assets by maintaining its business as a going concern; the cash collateral use will also enhance the value of the business by generating additional revenue. Conversely, inability to use the cash collateral will almost certainly result in an interruption in operations of the Debtor, will impede its ability to collect and expend cash generated from the operation of the business, and will jeopardize the going concern value of the business and, thus, the value of the estate.

I hereby declare that the above statements are true to the best of my knowledge and belief and that I understand the above statements are made for use as evidence in Court and are subject to penalty for perjury.

Dated: October 8, 2021

By: /s/Tiffany Miller
Tiffany Miller, Declarant

Page 8 of 8   DECLARATION OF TIFFANY MILLER IN SUPPORT OF FIRST DAY PLEADINGS

VANDEN BOS & CHAPMAN, LLP
Attorneys at Law
319 SW Washington Street, Suite 520
Portland, Oregon 97204-2690
(503) 241-4869

Case 21-32073-dwh11    Doc 15    Filed 10/08/21